UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN OAKS,<br><br>    Plaintiff,<br><br>v.<br><br>PGT TRUCKING INC.,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Stephen Oaks, by and through his attorney, Sean L. Ruppert, Esquire of Kraemer, Manes & Associates LLC, files this Complaint alleging as follows:

### I. Nature of the Action

1.   Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101-1221; the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §§951-963; 42 U.S.C. § 1981; and Pennsylvania Common Law.

### II. Jurisdiction and Venue

2.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a resident of the State of Ohio. Defendant is a business corporation organized under the laws of the Commonwealth of Pennsylvania, with a corporate headquarters located in Monaca, PA. The value of the amount in controversy is greater than $75,000.

3.   A substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4.      Plaintiff, Stephen Oaks, is an adult individual with a primary residence located at 5313 Renaissance Park Drive, Franklin, OH 45005.

5.      Defendant, PGT Trucking Inc., is a Pennsylvania business corporation with a headquarters located at One PGT Way, Monaca, PA 15061.

### IV. Facts

6.      Plaintiff was hired by Defendant on June 24, 2013 to work as the PGT Efficiency and Sustainability Manager at its plant in Monroe, Ohio.

7.      In February of 2014, Plaintiff was asked to relocate to Monaca, Pennsylvania to work as a Director of Training for Defendant.

8.      As a Director of Training, Plaintiff began to implement measures to promote the training and hiring of racial minorities. More specifically, he developed new training methods in an attempt to increase success for African American drivers. He also supported and created plans to help train and house Latino drivers in the United States. Additionally, Plaintiff developed a training program in Oklahoma to recruit members of the Choctaw Nation Indian Tribe.

9.      Defendant was hostile to Plaintiff's efforts in increasing the success level of minority workers and it discontinued most of his programs.

10.     Defendant demoted an African American male, Lamont Liggett, to a position in training under Plaintiff's supervision because of the performance of his drivers. Plaintiff assigned Mr. Liggett to the position of Training Quality Manger with Diversity Responsibility to promote diversity within the driver core.  It was indicated to Plaintiff that this was disliked by management.

11.     When Plaintiff relocated to Monaca, he resided in a condo unit provided by Defendant. This condo had several heating, ventilation, and air conditioning (HVAC) issues. The

condo had a musty smell and HVAC condensate overflow. Plaintiff complained to Defendant about this, but nothing was done. He was told that there was nothing to worry about

12. The condo was also infested with insects. Defendant was aware of this and the condo was treated numerous times. As a result, Plaintiff suffered from a serious spider bite that became abscessed and required lancing and draining.

13. The condo also had poor water quality. There was a red hue to the water in Plaintiff's shower. Additionally, the water in Plaintiff's office was of poor quality and he was instructed not to drink it.

14. Plaintiff began to experience several issues with his health after moving into Defendant's condo. He was diagnosed with Acute Bronchitis on two occasions and with pneumonia on June 26, 2015. He also had to report to the hospital after being diagnosed with Legionella, a potentially fatal respiratory disease, on June 29, 2015.

15. Plaintiff informed Defendant that he had likely contracted Legionella from the condo's HVAC system. Defendant failed to conduct an investigation of Plaintiff's claims. Instead, Defendant's CEO, Patrick Gallagher, blamed Plaintiff for contracting the disease. He said that Plaintiff got Legionella because he had "fatigue and low resistance."

16. Plaintiff was released from the hospital on July 4, 2015 and he returned to his condo to recover. During this time, Defendant's president, Gregg Troian, contacted Plaintiff and told him "the company is spending a lot of money on life insurance for you."

17. Plaintiff returned to work on July 20, 2015. He resumed working a full-time schedule, but he was limited by his doctor to working no more than 40 hours per week. Mr. Troian questioned Plaintiff's abilities to work and said that he was "not the same Steve Oaks I used to know."

18. Subsequently, on August 6, 2015, Plaintiff was informed by Rhonda Yost that he was being transferred back to Monroe, Ohio to work as the Director of Road Engineering for Defendant. He was given one day to move all of his belongings and vacate the premises within 24 hours.

19. Plaintiff returned to Defendant's Monroe, Ohio office on August 10, 2015. Subsequently, he received a call from Rhonda Yost on October 14, 2015, and was told that he had to report to a meeting on October 15, 2015.

20. Plaintiff's position with the Defendant was terminated on October 15, 2015.

21. Plaintiff filed a timely charge with the Equal Opportunity Employment Commission, via facsimile, on July 20, 2016.

22. A Right to Sue letter was issued by the EEOC on February 28, 2017, and received by Plaintiff via First Class Mail on March 2, 2017.

## V. Allegations

### Count I
### Termination in Violation of the ADA and PHRA

23. The preceding paragraphs are incorporated herein as if set forth at length.

24. Plaintiff was diagnosed with Legionella on June 29, 2015.

25. Plaintiff's condition caused him to experience a variety of symptoms that substantially limited several of his major life activities, including breathing.

26. Defendant was aware of Plaintiff's condition.

27. Plaintiff was hospitalized due to his condition, which required him take medical leave to recover. Upon his return on July 20, 2015, Plaintiff was able to work a full time schedule, but his doctor limited him to working no more than 40 hours per week.

28. Defendant's President, Mr. Troian, told Plaintiff that "the company is spending a lot of money on life insurance for you" and he said that Plaintiff was "not the same Steve Oaks I used to know" because of his Legionella.

29. Plaintiff was transferred back to Monroe, Ohio on August 6, 2015 by Defendant.

30. Plaintiff's position was terminated by Defendant on October 15, 2015.

31. Plaintiff believes, and therefore avers, that he could have performed the essential functions of his position with a reasonable accommodation.

32. Plaintiff believes, and therefore avers, that his employment was terminated by the on the basis of his disability, or the Defendant's perception of him as being disabled.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants and award Plaintiff damages for 1) loss of wages; 2) front pay as deemed appropriate by the court; 3) compensatory damages; 4) punitive damages; 5) Plaintiff's legal fees; 6) Pre-judgment and continuing interest; 7) Court costs; and 8) Other such relief as the Court may deem just and proper.

## Count II
### Termination in Violation of § 1981

33. The preceding paragraphs are incorporated herein as set forth at length.

34. Plaintiff developed several programs to promote and support racial minorities in Defendant's workplace. He also defended these individuals from harassment perpetuated by coworkers and managers who had worked for Defendant.

35. Defendant expressed hostility towards Plaintiff's actions and it discontinued most of his programs.

36. Plaintiff believes, and therefore avers, that he was targeted by Defendant because of his activities in promoting and supporting racial minorities.

37.     Plaintiff believes, and therefore avers, that he was terminated because of his association with racial minorities.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants and award Plaintiff damages for 1) loss of wages; 2) front pay as deemed appropriate by the court; 3) compensatory damages;  4) punitive damages; 5) Plaintiff's legal fees; 6) Pre-judgment and continuing interest; 7) Court costs; and 8) Other such relief as the Court may deem just and proper.

### Count III
### Premises Liability

38.     The preceding paragraphs are incorporated herein as set forth at length.

39.     Defendant asked Plaintiff to relocate to its headquarters in Monaca, PA to work as a Director of Training in February of 2014.

40.     Defendant provided Plaintiff with a company owned condo to live in while he worked in Monaca.

41.     The condo had several HVAC, insect, and water issues, of which Defendant was aware.

42.     Defendant was aware of these issues, but failed to remedy them.

43.     As a result, Plaintiff suffered from several health issues, including pneumonia and multiple diagnoses of Acute Bronchitis. He also suffered from a spider bite that became abscessed and required lancing and draining.

44.     On June 29, 2015, Plaintiff was diagnosed with Legionella, which is a potentially fatal respiratory disease.

45.     Defendant failed to properly investigate or remediate the issues Plaintiff was having with the condo.

46. The poor condition of Defendant's condo had a negative impact on Plaintiff's health.

47. Defendant was negligent in its failure to remediate the HVAC, insect, and water issues in the condo.

48. Defendant is liable for Plaintiff's injuries that were caused by the condo.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants and award Plaintiff damages for 1) loss of wages; 2) front pay as deemed appropriate by the court; 3) compensatory damages;  4) punitive damages; 5) Plaintiff's legal fees; 6) Pre-judgment and continuing interest; 7) Court costs; and 8) Other such relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Sean L. Ruppert*
Sean L. Ruppert, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 314380
US Steel Tower
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0144 Fax
sr@lawkm.com

Counsel for Plaintiff